IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES A. LAMBERT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-01203-STA-jay |
| | ) | |
| JERRY WARDLOW, | ) | |
| | ) | |
| Respondent. | ) | |

ORDER DIRECTING PETITIONER TO FILE AMENDED PETITION USING
COURT'S § 2254 FORM, DENYING APPOINTMENT OF COUNSEL,
DENYING OTHER INCORPORATED MOTIONS AS PREMATURE,
AND DIRECTING CLERK TO SEND FORMS

On September 26, 2023, Petitioner James A. Lambert, Tennessee Department of Correction prisoner number 478533, who is confined at Hardeman County Correctional Facility in Whiteville, Tennessee, filed a *pro se* Motion for Federal Relief Under 42 U.S.C. § 1983. (ECF No. 2.)  In his *pro se* motion, Petitioner requests a copy of the state court record and seeks discovery of other records. (*Id*. at PageID 10-11.) Petitioner characterizes his cause of action as arising under § 1983; however, he refers to himself as "petitioner" and asserts that his claims "could possibly reverse" his state convictions for rape of a child, incest, and aggravated sexual battery. (ECF No. 2 at PageID 5, 8.) "[P]etitions filed on behalf of persons in custody pursuant to State court judgments are filed under section 2254." *Rittenberry v. Morgan*, 468 F.3d 331, 337 (6th Cir. 2006).  Thus, to the extent Petitioner seeks relief from his state court convictions, his *pro se* motion can be construed as a petition under 28 U.S.C. § 2254.  *See id*.  Petitioner does not, however, identify any

specific claims or offer any supporting factual allegations. Further, he does not allege a constitutional violation or request that the Court order his release.

On October 2, 2023, Petitioner filed a *pro se* Motion to Correct Unlawful Trial Proceedings. (ECF No. 3.) His motion incorporates a request for the appointment of counsel. (*Id*. at PageID 31.) He also seeks (1) a new post-conviction hearing and (2) records from a criminal case involving the prosecutor in his case. The motion also refers to a civil claim for monetary damages against the prosecutor in his case in both his personal and official capacities. (*Id*. at PageID 29-30.) Petitioner alleges that his trial violated his constitutional rights under the Fourth, Sixth, Eighth, and Fourteenth Amendments. (ECF No. 3 at PageID 14-15.) He does not elaborate on these claims other than to point out that the prosecutor in his case was terminated several years after the conclusion of his trial based on allegations of theft and possession of a controlled substance. (*Id*. at PageID 23-28.) It is unclear whether Petitioner is seeking to challenge his state convictions under § 2254 or pursue a § 1983 civil rights claim.

Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), requires a petitioner to state "all grounds for relief" and "the facts supporting each ground." "Dismissal under Habeas Rule 2(c) is appropriate in cases where it is impossible to determine from the petitioner's pleadings the exact errors of fact or law raised for adjudication." *Everett v. Leibach*, No. 2:15-cv-02099-MSN-tmp, 2019 WL 13275820, at *13 (W.D. Tenn. Nov. 18, 2019). To the extent that Petitioner seeks habeas relief on his convictions, his *pro se* motions do not comply with Habeas Rule 2(c).

Additionally, a § 2254 petition filed by a person in state custody "must substantially follow either the form appended to [the Habeas Rules] or a form prescribed by a local district-court rule."

Habeas Rule 2(d).  This district uses the form published by the Administrative Office of the United States Courts.  Petitioner did not use the official form, and as a result, did not provide certain information that is relevant to the Court's preliminary review.

Accordingly, to the extent that Petitioner seeks habeas relief, he is **ORDERED** to file an amended § 2254 petition that substantially follows the district's official form no later than 28 days from the date this Order is entered.  Any amended petition should identify all grounds for relief available to Petitioner and state the facts supporting each ground.  *See* Habeas Rule 2(c).  Failure to file an amended petition will result in the dismissal of Petitioner's *pro se* motions and the case without further notice for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.  The Clerk is **DIRECTED** to mail Petitioner the official § 2254 form and make a notation on the docket of the date of mailing.

To the extent Petitioner seeks monetary damages for a violation of his civil rights, Petitioner may complete and file a § 1983 complaint form and pay the requisite civil filing fee or request leave to proceed *in forma pauperis*.  The Clerk is **DIRECTED** to mail Petitioner the appropriate forms and make a notation on the docket of the date of mailing.

Failure to respond to this Order and file an amended § 2254 petition or a § 1983 complaint within 28 days from the entry of this Order may result in the dismissal of this action for failure to prosecute under Rule 41(b).

Because Petitioner's requests for various documents are premature, they are **DENIED** without prejudice to refiling.

Finally, the Court is not persuaded that appointment of counsel would be in the interest of justice at this time.  *See* 18 U.S.C. § 3006A(a)(2)(B).  Pro se prisoners routinely file and litigate

3

§ 2254 petitions, and Petitioner has made no showing that his case is factually or legally complex or unusual. *See Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). Appointment of counsel is therefore **DENIED**.

    **IT IS SO ORDERED**.

                                              s/ S. Thomas Anderson
                                              S. THOMAS ANDERSON
                                              UNITED STATES DISTRICT JUDGE

                                              Date: November 8, 2023